**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARINA WEIS,

Plaintiff,

vs.

DAVOL INC. and C.R. BARD, INC.,

Defendants.

FILED: APRIL 17, 2008
08CV 2240 NF
JUDGE CONLON
MAGISTRATE JUDGE SCHENKIER

Case No.:

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard") , with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Circuit Court of Cook County, Illinois, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. This action involves allegations regarding the Composix® Kugel® Hernia Patch, a FDA-approved medical device used in the repair of soft tissue defects, such as hernias. In this and hundreds of lawsuits filed throughout the United States, plaintiffs allege that the Composix® Kugel® Hernia Patch was defective and unreasonably dangerous when put to its intended use. In 2006, two federal court plaintiffs with similar claims filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") seeking transfer and centralization of all federal cases involving this medical device pursuant to 28 U.S.C. § 1407. On June 22, 2007, the JPML

granted the plaintiffs' motion for transfer and consolidation. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007). As a result, all federal cases concerning the Composix® Kugel® Patch have been transferred or are in the process of being transferred to the District of Rhode Island for consolidated pretrial proceedings styled as *In re: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION*, No. 1:07-MDL-1842-ML (D.R.I.) (J. Lisi). With Defendants' removal, the present action can and should become part of those MDL proceedings shortly.

2. Plaintiff commenced this action with her Complaint ("Complaint") filed in the Circuit Court of Cook County, Illinois, on or about March 17, 2008. Davol was served on or about March 24, 2008. Bard has yet been served but joins expressly in this Notice of Removal.

3. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto as Exhibit A.

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Circuit Court of Cook County, Illinois, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 93(a)(1).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Defendants, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Circuit Court of Cook County, Illinois, where Plaintiff's Complaint is pending. See Exhibit B. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

7. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

8. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified amount in damages "in excess of $50,000" (*see*, *e.g.*, Compl. at "Prayer"), Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met.

9. Plaintiff's counsel stipulates that Plaintiff is seeking damages in excess of $75,000.00. See Exhibit C.

10. Plaintiff's claims against Defendants sound in product liability and seek recovery for injuries allegedly caused by a defective medical device, a Composix® Kugel® hernia repair patch, that was manufactured and sold by Defendants and used in Plaintiff's hernia repair. (*See* Compl. ¶¶ 4-5, ¶ 9.) Plaintiff alleges that after implantation of the Composix® Kugel® patch by her doctors, she "continued to experience abdominal pain" and later had to have the Composix® Kugel® Patch surgically removed. (Compl. ¶¶ 21-24.) Plaintiff further alleges that due to her use of the Composix® Kugel® Patch and its alleged failure, she "has suffered and will continue to suffer physical pain and mental anguish" and that she has incurred substantial medical bills…[and] suffered loss of other monies." (Compl. ¶¶ 27-28.)

11. The amount-in-controversy requirement is met here, because the severity of the injuries alleged in Plaintiff's Complaint makes it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co., supra*). A common sense reading of the Complaint demonstrates that the injury alleged is significant, namely the alleged failure of an implanted medical device, resulting in failure of a hernia repair and necessitating surgical removal of the device. *See McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941-2 (N.D.Ill. 2002).

12. In addition, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000. *See, e.g.*, *Burge v. Davol Inc. and C.R. Bard, Inc.*, No. 1: 07-CV-06885 (N.D. Ill . filed Dec. 6, 2007) (seeking damages in excess of amount required by 28 U.S.C. § 1332) (Ex. B); *Hauk v. Davol Inc. and C.R. Bard, Inc*., No. 1:07-CV-1596 (S.D. Ind. filed Dec. 12, 2007) (same) (Ex. C); *see also In re Rezulin*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry).

13. Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig*., 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

**B. The Parties Are Completely Diverse**

14. Plaintiff is a resident and citizen of Illinois. (*See* Compl. ¶ 1.); Exhibit C.

15. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island.

Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey.

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Circuit Court of Cook County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Respectfully submitted,

Dated: April 18 2008

SEGAL MCCAMBRIDGE SINGER & MAHONEY

BY: /s/ Mark Crane_______________

Mark Crane
SEGAL MCCAMBRIDGE SINGER & MAHONEY
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, IL 60606
312.645.7805 (direct)
312.645.7711 (fax)

*ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2008, a copy of the foregoing Notice of Removal was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. A copy of this document was also served on plaintiff's counsel via regular mail.

BY: /s/ Misty R. Martin
Misty R. Martin