08CV2240 NF
JUDGE CONLON
MAGISTRATE JUDGE SCHENKIER

2120 - Served 2121 – Served #07-173 EMR/RJR/cmb
2220 - Not Served 2221 - Not Served
2320 - Served By Mail 2321 - Served by Mail
2420 - Served by Publication 2421 - Served by Publication
SUMMONS ALIAS - SUMMONS (Rev.12/22/92) CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARINA WEIS, | ) | 2008L002937 |
| | ) | No. CALENDAR/ROOM A |
| Plaintiff | ) | TIME 00:00 |
| | ) | Product Liability |
| -vs- | ) | **Please serve defendant at:** |
| | ) | |
| DAVOL, INC. and C. R. BARD INC. | ) | **DAVOL, INC.** |
| | ) | **c/o Chief Executive or Authorized Agent** |
| | ) | **100 Sockanossett Crosswoad** |
| | ) | **Cranston, Rhode Island 02920** |
| Defendants. | ) | |

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, MAR 17 2008, 20____

Clerk of Court

Date of service:____________________, 20____
(To be inserted by officer on copy left with defendant or other person)

(Richard J. Rosenblum)
Name RUBIN, MACHADO & ROSENBLUM, LTD.
Attorney for Plaintiff
Address 120 W. Madison St., Suite 400
City Chicago, IL 60602
Telephone (312) 327-1840
Atty. No. 37704

**Service by Facsimile Transmission will be accepted at (312) 327-1841 (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202

EXHIBIT
A

A TRUE COPY ATTEST
DEPUTY SHERIFF 37

2120 - Served 2121 – Served #07-173 EMR/RJR/cmb
2220 - Not Served 2221 - Not Served
2320 - Served By Mail 2321 - Served by Mail
2420 - Served by Publication 2421 - Served by Publication
SUMMONS ALIAS - SUMMONS (Rev.12/22/92) CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARINA WEIS, | ) | No. 2008L002957 CALENDAR/ROOM A TIME 00:00 Product Liability |
| Plaintiff | ) | |
| -vs- | ) | **Please serve defendant at:** |
| DAVOL, INC. and C. R. BARD INC. | ) | **DAVOL, INC.** |
| | ) | **c/o Chief Executive or Authorized Agent** |
| | ) | **100 Sockanossett Crosswoad** |
| | ) | **Cranston, Rhode Island 02920** |
| Defendants. | ) | |

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801 , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, ______________, 20____

Clerk of Court

Date of service:______________, 20____
(To be inserted by officer on copy left with defendant or other person)

(Richard J. Rosenblum)
Name RUBIN, MACHADO & ROSENBLUM, LTD.
Attorney for Plaintiff
Address 120 W. Madison St., Suite 400
City Chicago, IL 60602
Telephone (312) 327-1840
Atty. No. 37704
**Service by Facsimile Transmission will be accepted at (312) 327-1841 (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202

2120 - Served 2121 - Served #07-173 EMR/RJR/cmb
2220 - Not Served 2221 - Not Served
2320 - Served By Mail 2321 - Served by Mail
2420 - Served by Publication 2421 - Served by Publication
SUMMONS ALIAS - SUMMONS (Rev.12/22/92) CCG-1

---

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARINA WEIS, | ) | |
| | ) | No. 2008L002957 |
| Plaintiff | ) | CALENDAR/ROOM A |
| -vs- | ) | **Please serve defendant at:** TIME 00:00 |
| | ) | Product Liability |
| DAVOL, INC. and C. R. BARD INC. | ) | **DAVOL, INC.** |
| | ) | **c/o Chief Executive or Authorized Agent** |
| | ) | **100 Sockanossett Crosswoad** |
| | ) | **Cranston, Rhode Island 02920** |
| Defendants. | ) | |

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801 , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

MAR 1 / 2008

WITNESS, ______________________, 20____

Clerk of Court

Date of service:______________________, 20____
(To be inserted by officer on copy left with defendant or other person)

(Richard J. Rosenblum)
Name RUBIN, MACHADO & ROSENBLUM, LTD.
Attorney for Plaintiff
Address 120 W. Madison St., Suite 400
City Chicago, IL 60602
Telephone (312) 327-1840
Atty. No. 37704

**Service by Facsimile Transmission will be accepted at (312) 327-1841 (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202

#07-173 EMR/RJR/cmb

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2008L002957
CALENDAR/ROOM A
TIME 00:00
Product Liability

| | | |
|---|---|---|
| MARINA WEIS, Plaintiff | ) | |
| -vs- | ) | No. |
| DAVOL, INC. and C. R. BARD INC. Defendants. | ) | |

**COMPLAINT**

**Parties**

1. Plaintiff, MARINA WEIS is a citizen and resident of the County of Cook, State of Illinois

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Composix Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island.

**Facts**

4. Defendant DAVOL designed, manufactured and distributed the Composix Kugel Patch, a hernia mesh patch that was inserted into MARINA WEIS' body.

5. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Patch that was inserted into MARINA WEIS' body.

6. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

7. Immediately after the Kugel Patches were placed on the market, DAVOL and BARD began receiving actual notices of memory ring failures and Kugel Patch defects. DAVOL and BARD actively and intentionally concealed this notice of the defective and unreasonably dangerous condition associated with the Kugel Patches from MARINA WEIS, Plaintiff's physicians, and the general public.

8. After the defective and unreasonably dangerous Kugel Patch was placed on the market, Defendants DAVOL and BARD conducted physician screenings and reviews as early as 2002. An Establishment Inspection Report ("EIR") conducted by the FDA in 2006 found that the post market survey validation process of the device was incomplete and failed to include all the data from the physicians surveyed during this time. Whether intentionally or negligently, BARD and DAVOL failed to properly conduct and monitor their own post market design validation physician surveys including those which demonstrated unfavorable or "dissatisfied" results. These complaints and concerns of the physician surveyors were actively concealed by DAVOL and BARD from MARINA WEIS, Plaintiff's surgeons, and the public at large.

9. On January 21, 2005, MARINA WEIS had an incisional hernia repair with a Bard Composix Kugel Hernia Patch, Large Oval, Lot 43HOD492 ("Composix Kugel Patch") at Northwestern Memorial Hospital, Chicago, Illinois.

10. The Composix Kugel Patch hernia repair product implanted in MARINA WEIS was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

11. No later than September 2004, Defendants uncovered serious problems with the weld process involving the memory recoil ring. Despite attempts to correct the problem at the plant, BARD and DAVOL found the corrective measures to be ineffective and the process still not in control. DAVOL and BARD were aware these weld issues had existed from the time the Kugel Patches were originally placed on the market and all current lots suffered from this dangerous defect. This information was intentionally withheld at this time from MARINA WEIS, Plaintiff's physicians, the FDA, and all other individuals who had been implanted or would be implanted with Kugel Patches using the memory recoil ring.

12. During the 2006 EIR, corporate executives informed the FDA that the spring and summer period of 2005 showed a marked increase in the number of complaints with the Kugel Patch and the memory recoil ring. In spite of their knowledge of increasing complaints and complications, DAVOL and BARD waited until August 30, 2005 to initiate a partial Kugel Patch distribution hold. DAVOL and BARD actively and intentionally chose not to immediately inform MARINA WEIS, Plaintiff's physicians, the FDA, and all other individuals who had been implanted or would be implanted with Kugel Patches using the memory recoil ring. DAVOL and BARD waited until December 2005 to notify the public of the potential severity of the

complications which were resulting from the dangerous and defective Kugel Patches and have since admitted that the product quality hold and release procedure was not applied on a timely basis.

13. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

14. On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches under a Class I recall notice.

15. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

16. The FDA conducted the aforementioned EIR investigations in January and February of 2006. The results of these investigations determined, among other things, that BARD and DAVOL:

i. had excluded ring failure events which should have been included from their complication database, reports, and recall notices;

ii. misidentified numerous Kugel Patch complication events;

iii. failed to apply the product quality hold and release procedure on a timely basis;

iv. failed to properly follow the procedures for conducting design validation review;

v. failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications; specifically, they provided no justification for including only the Extra Large Kugel Patch sizes in the December 2005 recall;

vi. failed to provide full information which they knew regarding numerous Kugel Patch complaints;

vii. failed to actually perform strength testing on memory recoil rings for all sizes of Kugel patch before putting them into the stream of commerce;

viii. failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the

raw data and from the actual complaints and what was placed in the electronic databases.

17. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

18. On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product.

19. Plaintiff was never informed by Defendants of the defective, dangerous, and recalled nature of the Kugel Patch and memory recoil ring which had been implanted until well after discovering of Bard's and Davol's FDA recall of the product.

20. Neither MARINA WEIS nor Plaintiff's physicians were aware of the defective and dangerous condition of the Kugel Patch or that this unreasonably defective condition was the cause of MARINA WEIS' injuries until some time after BARD and DAVOL chose to finally inform the general public of the defective nature of the Kugel Patches and the subsequent recalls.

21. Following the January 21, 2005, MARINA WEIS continued to experience abdominal pain.

22. On or about November, 2006, MARINA WEIS underwent a CT scan at Silver Cross Hospital in Joliet, Illinois which revealed that the hernia repair had failed.

23. Thereafter, MARINA WEIS embarked on a course of medical care which resulted in the decision to remove the Composix Kugel Patch.

24. On January 10, 2008, MARINA WEIS underwent surgery to remove the Composix Kugel Patch by Dr. Paul Guske at Alexian Brothers Medical Center in Hoffman Estates, Illinois.

25. At the time of the surgery the Composix Kugel Patch was found to have failed and was removed.

26. MARINA WEIS has suffered and will continue to suffer physical pain and mental anguish as a result of the failure of the Composix Kugel Patch.

27. MARINA WEIS has incurred substantial medical bills and MARINA WEIS has suffered loss of other monies as a result of the failure of the Composix Kugel Patch.

28. DAVOL and BARD withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product.

29. Upon information and belief DAVOL and BARD failed to comply with the FDA application and reporting requirements.

30. Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Composix Kugel Patch before it was recalled.

31. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

32. Upon information and belief, the complications and failures associated with the Composix Kugel Patches are not limited to the sizes which DAVOL and BARD has already recalled.

33. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and chose not to issue a recall on all Kugel Composix Patches in the face of the high degree of complication and failure rates.

**COUNT I**
**Negligence**

34. MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35. Defendants DAVOL and BARD were negligent to MARINA WEIS in the following respects:

i. failed to apply the product quality hold and release procedure on a timely basis;
ii. failed to properly follow the procedures for conducting design validation review;
iii. failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications;
iv. failed to provide full information which they knew regarding numerous Kugel Patch complaints;
v. failed to actually perform strength testing on memory recoil rings for all sizes of Kugel patch before putting them into the stream of commerce;
vi. failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the raw data and from the actual complaints and what was placed in the electronic databases.

36. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Composix Kugel Patch.

37. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Composix Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Composix Kugel Patch's users.

38. DAVOL and BARD so negligently and carelessly designed, manufactured, tested,

failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Composix Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

39. DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch. DAVOL and BARD knew or should have known the Composix Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Composix Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of MARINA WEIS.

40. Defendants DAVOL and BARD owed a duty to MARINA WEIS to adequately warn her and her treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and the resulting harm and risk it would cause patients.

41. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch.

42. As a direct and proximate result of the duties breached, the Composix Kugel Patch used in MARINA WEIS' hernia repair surgery failed, resulting in MARINA WEIS suffering pain and harm.

43. As a direct and proximate result of DAVOL's and BARD's negligence, MARINA WEIS has suffered injuries and damages.

44. DAVOL's and BARD's conduct in continuing to market, sell and distribute the

Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore,** MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

**COUNT II**
**Strict Product Liability**

45. MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

46. Defendants DAVOL and BARD are strictly liable to MARINA WEIS in the following respects:

i. failed to apply the product quality hold and release procedure on a timely basis;
ii. failed to properly follow the procedures for conducting design validation review;
iii. failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications;
iv. failed to provide full information which they knew regarding numerous Kugel Patch complaints;
v. failed to actually perform strength testing on memory recoil rings for all sizes of Kugel patch before putting them into the stream of commerce;
vi. failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the raw data and from the actual complaints and what was placed in the electronic databases.

47. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

48. The Composix Kugel Patches subject to the Class I recall were defective because they failed to perform safely and effectively for the purpose they were originally designed. MARINA WEIS's Composix Kugel Patch was a Class I recalled device that failed while in her body causing her to develop serious physical complications which required subsequent, painful and unnecessary removal surgery of her Composix Kugel Patch.

49. At all times mentioned, the Composix Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

50. The Composix Kugel Patch implanted into MARINA WEIS was being used in a manner reasonably anticipated at the time it was implanted in him by her surgeon.

51. The Composix Kugel Patches, like the one found in MARINA WEIS, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to MARINA WEIS as follows:

i. The Composix Kugel Patch was sold in a defective condition by design and manufacture;
ii. The Composix Kugel Patch as designed and manufactured was unsafe to MARINA WEIS;
iii. The Composix Kugel Patch as designed and manufactured was unreasonably dangerous to MARINA WEIS;
iv. The Composix Kugel Patch did not perform safely as an ordinary consumer/patient, like MARINA WEIS, would expect;
v. The Composix Kugel Patch as designed and manufactured was unsafe for its intended use;
vi. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;
vii. DAVOL and BARD knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;
viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Composix Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Composix Kugel Patches for hernia repair surgery as will be learned during discovery.

52. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

## COUNT III
## Negligent Infliction of Emotional Distress

53. MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

54. Defendants DAVOL and BARD are liable to MARINA WEIS for the negligent infliction of emotional distress in the following respect:

i. failed to apply the product quality hold and release procedure on a timely basis;

ii. failed to properly follow the procedures for conducting design validation review;

iii. failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications;

iv. failed to provide full information which they knew regarding numerous Kugel Patch complaints;

v. failed to actually perform strength testing on memory recoil rings for all sizes of Kugel patch before putting them into the stream of commerce;

vi. failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the

raw data and from the actual complaints and what was placed in the electronic databases.

55. MARINA WEIS suffered severe emotional distress, which was as a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery.

56. MARINA WEIS suffered severe emotional distress, which was as a result of DAVOL's and BARD's negligent conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery.

57. Therefore, DAVOL and BARD are liable to MARINA WEIS.

58. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

## COUNT IV
## Intentional Infliction of Emotional Distress

59. MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

60. Defendants DAVOL and BARD are liable to MARINA WEIS for the intentional infliction of emotional distress in the following respect:

i. failed to apply the product quality hold and release procedure on a timely basis;
ii. failed to properly follow the procedures for conducting design validation review;
iii. failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications;
iv. failed to provide full information which they knew regarding numerous Kugel Patch complaints;
v. failed to actually perform strength testing on memory recoil rings for all sizes of Kugel patch before putting them into the stream of commerce;
vi. failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the raw data and from the actual complaints and what was placed in the electronic databases.

61. MARINA WEIS suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Patch for hernia repair surgery.

62. MARINA WEIS suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery, in complete and reckless disregard of safety to MARINA WEIS.

63. Therefore, DAVOL and BARD are liable to MARINA WEIS.

64. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore,** MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

**COUNT V**
**Breach of Implied Warranty**

65. MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

66. Defendants DAVOL and BARD are liable to MARINA WEIS for their breach of implied warranty in the following respect:

67. DAVOL and BARD sold the Kugel Patch which was implanted in MARINA WEIS. DAVOL and BARD impliedly warranted to MARINA WEIS, her physicians and health care providers, that the Composix Kugel Patch was of merchantable quality and safe for the use for which they were intended.

68. DAVOL and BARD knew or should have known that the Composix Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

69. MARINA WEIS, her physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Composix Kugel Patch was fit for such use.

70. When the Composix Kugel Patches were distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

71. MARINA WEIS suffered such injuries and damages as a result of DAVOL and

BARD's conduct and actions.

**Wherefore,** MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

**COUNT VI**
**Failure to Warn**

72. MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

73. In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Patch to Saint Elizabeth Regional Medical Center for hernia repair surgeries.

74. At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time MARINA WEIS received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

75. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

76. The dangerous and defective conditions in the Composix Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time MARINA WEIS

had her hernia repair surgery the Composix Kugel Patch was in the same condition as when manufactured, distributed and sold.

77. MARINA WEIS did not know at the time of use of the Composix Kugel Patch, not at any time prior thereto, of the existence of the defects in the Patches.

78. MARINA WEIS suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

79. The conduct of BARD and DAVOL in continuing to market, promote, sell and distribute the Composix Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others.

**Wherefore**, MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

**COUNT VII**
**Fraud**

80. MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

81. In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Patch for hernia repair surgeries.

82. At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time MARINA WEIS received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

83. BARD and DAVOL was aware of the dangerous and defective condition of the products and intentionally withheld this information from MARINA WEIS, Plaintiff's physicians, and the general public even though these significant dangers were not readily obvious to the ordinary user of the products, even after a post surgical complication had arisen.

84. BARD and DAVOL fraudulently presented to MARINA WEIS, Plaintiff's physicians, and the general public that the Kugel Patch was a safe and effective product while they were fully aware that the dangerous and defective nature of the Kugel could and would cause injuries such as those suffered by Plaintiff.

85. MARINA WEIS and Plaintiff's physicians relied upon the fraudulent misrepresentations and concealments of Defendants and allowed for the defective Kugel Patch to be implanted.

86. As a direct and proximate result of MARINA WEIS' reliance on BARD's and DAVOL's fraudulent misrepresentations and concealments, MARINA WEIS was seriously and permanently injured.

87. The conduct of BARD and DAVOL in continuing to fraudulently market, promote, sell and distribute the Composix Kugel Patch while fraudulently concealing knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others.

**Wherefore**, MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

Respectfully submitted,

By: Richard J. Rosenblum
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorneys for Plaintiff
MARINA WEIS
120 W. Madison St. - Suite 400
Chicago, Illinois 60602
(312) 327-1840
Firm No. 37704

#07-173 EMR/RJR/cmb

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARINA WEIS, | ) | |
| Plaintiff | ) | |
| | ) | |
| -vs- | ) | No. |
| | ) | |
| DAVOL, INC. and C. R. BARD INC. | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)**

Pursuant to Supreme Court Rule 222(B), counsel for the above named plaintiff certifies that plaintiff seeks money damages in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00).

Respectfully submitted,

By: Richard J. Rosenblum
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorneys for Plaintiff
MARINA WEIS
120 W. Madison St., Suite 400
Chicago, Illinois 60602
(312) 327-1840
Firm No. 37704